Dewey, J.
It is no objection to the competency of the witnesses offered in this case, that they had not released all their interest in the estate of Frederick Dunham by a writing under seal. A release by deed must of course be under seal, and this is the most appropriate form of making a release, inasmuch as a seal imports a consideration. But there may be equally valid releases without any sealed instrument, as those by operation of law, or releases made by the parties upon good and valuable consideration. The latter are equally effectual as the former.
The release here executed by the witnesses had upon its face a sufficient legal consideration, namely: that the administratrix had agreed to release the witnesses from all responsibility for costs accruing in the case. This was relinquishing his right to present a claim for such costs, against the estate, to the judge of probate, who would allow the same to be paid out of the estate, if the costs were properly incurred. There was no necessity, therefore, that the release from the witnesses of their interest should have been by a sealed instrument. As to the objection to the form of executing the writing, containing the promise of the administratrix to indemnify against costs, we do not understand that it is farther pressed. The evidence of the attorney was direct, that it was executed in her presence and under her direction.
*562 But it was further insisted, that the witnesses were still interested in the matter of costs, and that the general residuum of the estate to be divided among the heirs would be affected by the result of this case. It is said, that the promise of the administratrix is merely a promise to save the witnesses personally free and harmless from all costs and charges incurred in this suit, and not a discharge of all claims which she might have upon the estate therefor. But we think that this promise of the administratrix is available beyond the personal liability of the witnesses. In fact, there was no personal liability of the witnesses for costs, and it was only through the allowance of the claim of the administratrix therefor, by the judge of probate, that they could be affected in the matter of costs. But the right of the administratrix, to an allowance for costs expended by her in prosecuting this suit at law, is through the judge of probate; and if an application for that purpose should be made in reference to the costs of the present case, this promise of the administratrix would doubtless be an effectual bar to any allowance for them, if they were to affect the heirs at law, to whom the promise was made ; or if allowed to the extent of the pro rata share of these witnesses, the administratrix would under her promise be obliged to refund. The cases of Boynton v. Turner, 13 Mass. 391, and Ford v. Ford, 17 Pick. 418, seem to authorize the admission of such witness, under a release of interest by him in the specific property of the intestate, and a promise by the administrator not to claim an allowance for costs and expenses. The release by the witness, in the case of Ford v. Ford, was under seal, and in that respect differs from this; but that, as already remarked, is immaterial, if the release is made upon a good consideration. We are of opinion that the witnesses were properly admitted

Exceptions overruled.